**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:       -CIV**

FERNANDO ANDRADE

    Plaintiff,

v.

BROADBAND INTERNATIONAL, INC.

    Defendant.

_____/

## COMPLAINT

COMES NOW the Plaintiff, FERNANDO ANDRADE (hereafter "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint and sues Defendant, BROADBAND INTERNATIONAL, INC. (hereafter "Defendant"), and in support avers as follows:

### JURISDICTION, PARTIES AND VENUE

1. This is an action by the Plaintiff and other similarly-situated individuals for damages exceeding the jurisdictional limits of this Court excluding attorney's fees or costs for damages pursuant to 28 U.S.C. Sections 1331 and 1343, in as much as the matter in controversy is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq., and Section 760.10 of the Florida Statutes to redress injury done to Plaintiff by the Defendant for discriminatory treatment on the basis of gender and sexual harassment found on Plaintiff's complaint of discrimination in the workplace.

2. Plaintiff is a resident of Miami-Dade County, Florida and Defendant is situated in Broward County, Florida, within the jurisdiction of this Honorable Court.

3. Defendant is a Florida Corporation doing business in Miami-Dade County, Florida.

4. Defendant is a "person" and/or an "employer" pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq., since it employs fifteen or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute.

5. Defendant is a "person" within the purview of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq.

6. At all times material hereto Defendant is an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq.

7. At all times hereto, Plaintiff was an "employee" within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq.

8. Defendant is a "person" and/or "employer" pursuant to the Florida Civil Rights Act of 1992, Fla. Stat. Section 760.01, et.seq., since it employs fifteen or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute, the FCRA.

9. Defendant is a "person" within the purview of the Florida Civil Rights Act of 1992, Fla. Stat. Section 760.01, et seq.

10. At all times material hereto Defendant is an "employer" within the meaning of the Florida Civil Rights Act of 1992, Fla. Stat. Section 760.01 et seq.

11. At all times hereto, Plaintiff was an "employee" within the meaning of the Florida Civil Rights Act of 1992, Fla. Stat. Section 760.01 et seq.

12. Plaintiff is a male former employee of the Defendant is a member of a class of persons protected from discrimination in his employment.

13. Plaintiff previously filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations, the agencies which are responsible for investigating claims of employment discrimination.

14. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS

15. On or about April of 2012 Plaintiff began his employment with the Defendant as a machine operator.

16. Plaintiff was the only male working for Defendant.

17. During his employment with Defendant, Plaintiff was subjected to sexual harassment by his immediate supervisor, Rosa.

18. Plaintiff was told by his co-workers that Rosa was in love with him.

19. Plaintiff's supervisor would become angry if she saw him talking to a woman.

20. Plaintiff's supervisor scolded Plaintiff's co-workers for speaking to him.

21. Plaintiff's supervisor behaved inappropriately towards him.

22. Plaintiff's supervisor made numerous unwanted advances towards Plaintiff.

23. Plaintiff's supervisor would constantly touch his back with her buttocks if she saw him standing around.

24. Plaintiff's supervisor would constantly hug Plaintiff without his consent.

25. Whenever Plaintiff's supervisor spoke to Plaintiff about his job, she would stand extremely close to his body.

26. On one occasion while Plaintiff was leaving work, Plaintiff's supervisor, told Plaintiff that she was putting food in his hand and that he did not want to eat it.

27. Plaintiff's supervisor's comment clearly meant that she was throwing herself at him in a sexual way and he was not reciprocating.

28. Plaintiff replied that he could not be involved in any romantic relationship at work.

29. Plaintiff objected to all of his supervisor's sexual advances.

30. Plaintiff's supervisor created a hostile work environment for Plaintiff.

31. Plaintiff reported the sexual harassment and hostile work environment to Amira. Amira was the Defendant's Human Resources representative.

32. Plaintiff reported that he was exhausted with his supervisor's attitude and behavior towards him.

33. Amira spoke with Rosa, but Rosa's inappropriate sexual behavior continued.

34. Plaintiff also reported the sexual harassment and hostile work environment to his production managers, Jose Parra and Florencio.

35. Despite Plaintiff's reporting, Defendant's did not take any action to address his complaints.

36. Rosa's constant sexual remarks and advances made Plaintiff feel extremely uncomfortable.

37. Female employees were not subject to sexual advances and remarks by Rosa.

38. Plaintiff was at a disadvantage from female employees because female employees were not subjected to sexual harassment and thus did not feel uncomfortable at work affecting their productivity.

39. On or about August 16, 2019 Plaintiff decided to leave his employment with Defendant as a result of the sexually harassing behavior from Rosa and the lack of action by Defendant.

40. Plaintiff was qualified for his job as a machine operator. Plaintiff never received any warnings or disciplinary action from Defendant during his employment.

41. On or about August 29, 2019, Plaintiff filed a complaint with the U.S. Equal Employment Opportunity Commission (hereafter referred to as the "EEOC").

42. On or about January 7, 2021, the EEOC issued a "Notice of Suit Rights" to Plaintiff.

43. Plaintiff has suffered damages from the conduct of Noel Morales, the Defendant and their agents.

## COUNT I
## SEXUAL HARASSMENT

44. Plaintiff reasserts her allegations in paragraph 1-43 as fully set forth herein.

45. Section 2000e-2 of Title VII of the Civil Rights Act of 1964 states in relevant part:

    "(1)  It shall be an unlawful employment practice for an employer:

    (a) To fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin."

46. As part of its prohibitions, Title VII prohibits sexual harassment.

47. The conduct to which Plaintiff was subjected was severe, pervasive, physically threatening, humiliating, and unreasonably interfered with Plaintiff's work performance violation of Title VII.

48. The sexually harassing conduct to which Plaintiff was subjected was perpetrated against as a result of her sex (male) and constituted actionable sexual harassment.

49. Defendant's alleged basis for its adverse conduct against Plaintiff and Plaintiff's constructive discharge are pre-textual and asserted only to cover up the harassing, discriminatory, and retaliatory nature of its conduct.

50. Even if Defendant could assert legitimate reasons for its adverse actions against Plaintiff and Plaintiff's constructive discharge, which reasons it does not have, Defendant's sexually harassing conduct toward Plaintiff, and the aforementioned sexual comments/conduct and advances were also motivating factors for Defendant's adverse conduct toward Plaintiff and Plaintiff's constructive discharge.

51. As a result of the sexually harassing conduct to which the Plaintiff was subjected and the adverse employment actions suffered by Plaintiff related thereto, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages. Plaintiff according demands lost economic damages in the form of back-pay and front-pay, interest, lost benefits, and compensatory damages.

52. Plaintiff also requests punitive damages based on Defendant's intentional, willful, wanton and malicious conduct.

53. Plaintiff further seeks her attorney's fees and cost as permitted by law.

WHEREFORE, Plaintiff respectfully requests for the entry of a judgment against Defendant and an award of economic damages in the form of back-pay and front-pay, lost wages, interest, lost benefits, as well as compensatory damages, punitive damages and attorney's fees and cost as a result of Defendant's conduct in violation of Title VII.

## COUNT II
## SEX/GENDER DISCRIMINATION

54. Plaintiff reasserts her allegations in paragraph 1-43 as fully set forth herein.

55. Section 2000e-2 of Title VII of the Civil Rights Act of 1964 states in relevant part:

"(1) It shall be an unlawful employment practice for an employer:

    (b) To fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin."

56. Title VII accordingly prohibits discrimination based on sex.

57. The treatment to which Plaintiff was subjected by Defendant as set forth above and incorporated herein, was the result of Plaintiff's sex/gender, which male individuals were not and would not have been subjected, in violation of Title VII.

58. Defendant's alleged basis for its adverse conduct against the Plaintiff and Plaintiff's constructive discharge are pre-textual and asserted only to cover up the discriminatory nature of its conduct.

59. Even if Defendant could assert legitimate reasons for its adverse actions against Plaintiff and Plaintiff's constructive discharge, which reasons it does not have, Defendant's sexually harassing conduct toward Plaintiff, and the aforementioned sexual comments/conduct and advances were also motivating factors for Defendant's adverse conduct toward Plaintiff and Plaintiff's constructive discharge.

60. As a result of the sexually harassing conduct to which the Plaintiff was subject and the adverse employment actions suffered by Plaintiff related thereto, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages in the form of back-pay and front-pay, interest, lost benefits, and compensatory damages.

61. Plaintiff also requests punitive damages based on Defendant's intentional, willful, wanton and malicious conduct.

62. Plaintiff further seeks her attorney's fees and cost as permitted by law.

WHEREFORE, Plaintiff respectfully requests for the entry of a judgment against Defendant and an award of economic damages in the form of back-pay and front-pay, lost wages, interest, lost benefits, as well as compensatory damages, punitive damages and attorney's fees and costs as a result of Defendant's conduct in violation of Title VII.

## COUNT III
## SEXUAL HARASSMENT UNDER THE FCRA

63. Plaintiff reasserts her allegations in paragraphs 1- 43 as fully set forth herein.

64. Section 760.10 of the FCRA states in relevant part:

    "(1) It is unlawful employment practice for an employer:

    (a) To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

65. As part of its prohibitions, the FCRA prohibits sexual harassment.

66. The conduct to which Plaintiff was subjected to was severe, pervasive, physically threatening, humiliating, and unreasonably interfered with Plaintiff's work performance in violation of the FCRA.

67. The sexually harassing conduct to which Plaintiff was subjected was perpetrated against as a result of her sex (male) and constituted sexual harassment.

68. Defendant's alleged bases for its adverse conduct against Plaintiff are pre-textual and asserted only to cover up the harassing, discriminatory, and retaliatory nature of its conduct.

69. Even if Defendant could assert legitimate reasons for its adverse actions against Plaintiff, which reasons it does not have, Defendant's sexually harassing conduct toward Plaintiff,

and the aforementioned sexual comments/conduct and advances were also motivating factors for Defendant's adverse conduct toward Plaintiff.

70. As a result of the sexually harassing conduct to which the Plaintiff was subjected and the adverse employment actions suffered by Plaintiff related thereto, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages. Plaintiff according demands lost economic damages in the form of back-pay and front-pay, interest, lost benefits, and compensatory damages.

71. Plaintiff also requests punitive damages based on Defendant's intentional, willful, wanton and malicious conduct.

72. Plaintiff further seeks her attorney's fees and cost as permitted by law.

WHEREFORE, Plaintiff respectfully requests for the entry of a judgment against Defendant and an award of economic damages in the form of back-pay and front-pay, lost wages, interest, lost benefits, as well as compensatory damages, punitive damages.

## COUNT IV
## SEX/GENDER DISCRIMINATION UNDER FCRA

73. Plaintiff reasserts her allegations in paragraphs 1-43 as fully set forth herein.

74. Section 760.10 of the FCRA states in relevant part

   (1) It is an unlawful employment practice for an employer:

   (b) To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

75. The FCRA accordingly prohibits discrimination based on sex.

76. The treatment to which Plaintiff was subjected by Defendant as set forth above and incorporated herein, was the result of Plaintiff's sex/gender, which female individuals were not and would not have been subjected, in violation of the FCRA.

77. Defendant's alleged bases for its adverse conduct against the Plaintiff are pre-textual and asserted only to cover up the discriminatory nature of its conduct.

78. Even if Defendant could assert legitimate reasons for its adverse actions against Plaintiff, which reasons it does not have, Defendant's sexually harassing conduct toward Plaintiff, and the aforementioned sexual comments/conduct and advances were also motivating factors of Defendant's adverse conduct toward Plaintiff.

79. As a result of the sexually harassing conduct to which the Plaintiff was subjected and the adverse employment actions suffered by Plaintiff related thereto, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages in the form of back pay and front pay, interest, lost benefits, and compensatory damages.

80. Plaintiff also requests punitive damages based on Defendant's intentional, willful, wanton and malicious conduct.

81. Plaintiff further seeks his attorney's fees and costs as permitted by law.

WHEREFORE, Plaintiff prays for the entry of a judgment against Defendant and an award of economic damages in the form of back pay and front pay, lost wages, interest, lost benefits, as well as compensatory damages, punitive damages and attorney's fees and costs as a result of Defendant's conduct in violation of the FCRA.

## **JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury

Respectfully submitted

GALLARDO LAWOFFICE, P.A.
8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000
Facsimile: (305) 261-0088

By: _____
Elvis J. Adan, Esq.
Fla. Bar No.: 24223